STATE, EX REL. BERNARD BAYER AND WILLIAM KAUFMAN, v. THE MAYOR AND COMMON COUNCIL OF HOBOKEN.

The act of 1872, (*Pamph. L.*, *p.* 602, ¿ 1,) provides that the common council of Hoboken shall designate two papers published in Hoboken, both of which shall not be of the same political party, to publish official matters. It is admitted that all the papers published in Hoboken are of the same political party. *Held*, that the requirement that the designated papers should belong to different parties was not annulled by the act of 1877. *Pamph. L.*, *p.* 68, ¿ 1. *Held*, that a writ of *mandamus* will not issue to compel the designation of two official papers, inasmuch as the papers mentioned in the act do not exist.

On rule to show cause.

This is an application for a rule to show cause why a *mandamus* should not issue to compel the mayor and common council of Hoboken to designate two official newspapers for the publication of the matters and things required by the city

charter to be published, which papers shall have been in existence and published in said city for over two years, and to designate the "Hudson County Journal" as one of the official newspapers of said city.

The statutes relative to public printing in Hoboken are as follows:

The act of 1867, (*Pamph. L.*, *p.* 692, § 5,) provides that the proceedings of the common council and board of education of said city, and such matters and things as are directed by said charter to be published, shall hereafter be published in two of the newspapers printed and published in said city, in which the laws of this state are now directed to be published.

The act of 1871, (*Pamph. L.*, *p.* 1423, § 21,) amends the preceding act by adding, "provided that such proceedings and such other matters and things as are required by the charter, or any supplement thereto, to be published, shall be published daily in one of the said newspapers."

The act of 1872, (*Pamph. L.*, *p.* 602, § 1,) provides "that hereafter common council shall designate two newspapers, both of which shall not be of the same political party—one of each political party—which shall publish the proceedings, &c., * * at prices to be fixed by the common council, at rates not exceeding those authorized by law for the printing of legal notices, provided that said newspapers are printed and published in the said city of Hoboken, and now authorized by law to publish the laws of this state."

The act of 1872, (*Pamph. L.*, *p.* 1240, § 1,) provides that the common council may designate one newspaper published in the city of Hoboken, in the German language, to print, &c., in addition to the papers as now by law provided.

The act of 1877, (*Pamph. L.*, *p.* 68, § 1,) provides that whenever the board of aldermen, council or common council of any city is required by the provisions of its charter to designate one or more newspapers to publish the proceedings of such board of aldermen, common council or council, and to publish the proceedings of any of the other boards in said

city, in a newspaper or newspapers printed and published in said city, and authorized to publish the laws of the state at the date of the passage of such city charter, or supplement thereto; that in every such case, such city may hereafter publish the said proceedings in a newspaper or newspapers published and printed in said city that shall have been in existence and published in said city for over two years.

The facts relative to the present application are the following: The relators are tax-payers of the city of Hoboken and proprietors of the "Hudson County Journal," which publishes both an English and German edition, the German established in 1868, and the English in 1874.

The only other paper published in Hoboken is the "Hudson County Democrat," in English. All of these papers belong to the same political party. Previous to 1877, the common council had designated the "Democrat" and the "Journal" in German as the official papers. In September, 1877, the municipal printing was awarded to the "Democrat," and a resolution of the preceding year designating two official papers was rescinded. Common council has since refused to designate two papers, including the "Journal" as one, and to compel them to do so this writ is requested.

Argued at November Term, 1877, before Justices SCUDDER, DIXON and REED.

For the relators, *J. H. Lippincott.*

*Contra, A. T. McGill.*

The opinion of the court was delivered by

REED, J. The law, as it stood previous to the passage of the act of 1872, required the common council of Hoboken to designate two papers, belonging to different political parties, and published in the city of Hoboken, and at the time of the passage of the act of 1872, (*Pamph. L., p.* 602,) authorized to publish the laws of the state.

All the newspapers published, so far as appears in this case, are of the same political party.

It is apparent, therefore, that, unless the law has been changed so as to repeal the obligation imposed upon the appointing power to observe this peremptory direction of the act of 1872, the duty of designating two papers cannot be invoked in aid of the relators, because the facts make the performance of the duty impossible. "*Impotentia excusat legem.*" *Broom's Maxims* *182.

It is insisted that the act of 1877, (*Pamph. L.*, *p.* 68,) changes the previous legislation so as to make the performance of the prayer of the relator possible and obligatory.

But I do not so construe the latter act. That act is drafted for the sole purpose of placing newspapers which shall have been published for two years in the city of Hoboken, in the class of newspapers from which the selection and designation can be made.

The law, as it previously stood, required that the designated newspaper should have been published one year preceding March 19th, 1872, the time of the passage of that act.

The whole text of the later act shows that its object was to remove the requirement of that period of publication, "that whenever any common council * * is required * * to designate one or more newspapers, * * and to publish the proceedings of common council, &c., in a newspaper or newspapers printed and published in said city, and *authorized to publish the laws of the state at the date of the passage of such city charter, or supplement thereto;* that in every such case, such city may hereafter publish the said proceedings in a newspaper or newspapers published and printed in said city, *that shall have been in existence and published in said city for over two years.*"

The object of the legislature was to amend the previous legislation relative to the printing in Hoboken, and any other possible place having similar statutes, by substituting the latter italicized words for the preceding. This leaves all

other parts of the statutes in force, including the provision requiring the two papers to be of diverse political sentiments.

Additional light may _be thrown upon the object of the recent statute by the case of *State, Chamberlain, pros.*, v. *Mayor, &c., of Hoboken,* 9 *Vroom* 110.

The writ should not go.